**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1023C

(Filed: January 21, 2015)

**(NOT TO BE PUBLISHED)**

**FILED**

**JAN 21 2015**

**U.S. COURT OF FEDERAL CLAIMS**

```
*********************************
                                 )
PURNELL R. NELSON,               )
                                 )
              Plaintiff,         )
                                 )
     v.                          )
                                 )
UNITED STATES,                   )
                                 )
              Defendant.         )
                                 )
*********************************
```

Purnell R. Nelson, *pro se*, Bellefonte, Pennsylvania.

Robert M. Norway, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER[1]

LETTOW, Judge.

Plaintiff, Purnell R. Nelson, alleges numerous constitutional and statutory violations against the United States and a second defendant, RoseDog Books ("RoseDog"), attendant to the publication and promotion of a book of poetry entitled *Murder*. Pending before the court is the

---

[1]Along with his complaint, Mr. Nelson submitted an application to proceed *in forma pauperis*. *See* Motion for Leave to Proceed *in forma pauperis*, ECF No. 3. Mr. Nelson is currently incarcerated, and he appended to this application a certified copy of his trust fund account, as required by 28 U.S.C. § 1915(a)(2). *See id.* Attach. That statement of account shows a balance of $10. *Id.*; *see* 28 U.S.C. § 1915(b)(2) (allowing $10 to remain in a prisoner's account even though partial filing fees might be due). The government takes no position with regard to this motion and defers to the judgment of the court. *See* United States' Response to Plaintiff's *in forma pauperis* Application and Plaintiff's Motion for Appointment of Counsel, ECF No. 6.

government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See* United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, Failure to State a Claim ("Def.'s Mot.") at 1, ECF No. 7. Also pending before the court is Mr. Nelson's motion for appointment of counsel. *See* Pl.'s Motion for Appointment of Counsel, ECF No. 4.

## BACKGROUND

Mr. Nelson is a self-proclaimed poet currently confined by the Pennsylvania Department of Corrections.[2] In 2011, he entered into an agreement with the online bookstore, RoseDog, to publish and promote his book of poetry entitled *Murder*. *See* Compl. ¶¶ 4-8. Thereafter, Mr. Nelson accused the company of violating the terms of the contract, Compl. ¶¶ 15-16, by failing to sell and place his book in "stores, ebook, online, audiobook, book clubs, and libraries everywhere," *see* Compl. ¶ 18 & Ex A. Failure to perform the contract, according to Mr. Nelson, resulted in substantial lost profits. *See* Compl. ¶¶ 21-22 & Ex. A. RoseDog denied a breach of any contractual duty and pointed Mr. Nelson to pertinent clauses in their publishing agreement. Compl. at Ex. A. On December 5, 2012, Mr. Nelson filed a breach-of-contract claim against RoseDog in state court. Compl. ¶ 10 & Ex. F. RoseDog terminated their contract with Mr. Nelson shortly thereafter. Compl. ¶ 11 & Ex. B.

Mr. Nelson subsequently filed suit in this court on October 22, 2014 asserting a breach-of-contract claim, similar to that previously filed in state court. *See* Compl. ¶¶ 11-18. Mr. Nelson accuses RoseDog of stealing copies of *Murder* and withholding royalties owed to him under the publishing agreement. *See* Compl. ¶¶ 24-26, 32. Additionally, Mr. Nelson claims that "defendants' parallel behavior" suggests a "conspiracy" between RoseDog and the United States aimed at defrauding him of royalty payments and compensation for time spent writing *Murder*. *See* Compl. ¶¶ 38, 41-57. According to Mr. Nelson, these actions violated several federal criminal laws, *see* Compl. at 2, ¶ 59, and abridged his rights under the First, Fifth, Sixth, Ninth, and Fourteenth Amendments of the United States Constitution, Compl. at 2, ¶ 77.

In terms of relief, Mr. Nelson demands that the court arrest and criminally prosecute RoseDog and the United States. *See* Compl. ¶¶ 84-85. Mr. Nelson also seeks monetary damages in the amount of $15 trillion, injunctive relief to restrain defendants from "stealing [his] poetry books," and the imposition of civil penalties for lost earnings. *See* Compl. ¶¶ 79-83.[3]

---

[2]Mr. Nelson is serving a 427-day sentence for Murder of the Third Degree. *See Commonwealth of Pennsylvania v. Purnell Rudolph Nelson*, Criminal Docket No. Cp-22-CR-0001113-2012 (Dauphin County Ct. C.P. Dec. 19, 2012).

[3]Relatedly, Mr. Nelson requests that the court levy the defendants' bank accounts until trial. Compl. ¶ 86.

## STANDARDS FOR DECISION

### A. Subject Matter Jurisdiction

Mr. Nelson contends that the court has jurisdiction over his claims pursuant to the Tucker Act, 28 U.S.C. § 1491. *See* Compl. ¶ 1. The Tucker Act confers jurisdiction on this court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity, authorizing a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act itself, however, does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fall within the purview of the Tucker Act, a plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

In every instance, the "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When considering a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff seeking to establish jurisdiction bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

### B. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Moreover, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). While the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 545, it must put forward more than "'naked assertion[s] devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (alteration in original), or "the-defendant-

unlawfully-harmed-me-accusation[s]," *id.* (citing *Twombly*, 550 U.S. at 555). When determining if the plaintiff has pled adequate facts such that the court may infer that his right to relief is plausible—not merely possible—the court must "draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff," *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).[4]

## ANALYSIS

### A. Subject Matter Jurisdiction

As a preliminary matter, Mr. Nelson may not name RoseDog as a defendant before this court. The "*only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). In addition to naming a defendant over whom this court has no jurisdiction, Mr. Nelson has alleged statutory violations that do not fall within the jurisdiction of this court. Mr. Nelson contends that RoseDog and the United States have violated federal criminal laws related to conspiracy, racketeering, and theft, among others. *See* Compl. at 2, ¶ 59. This court, however, has no jurisdiction over criminal matters, including those Mr. Nelson seeks to put at issue. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *see Meschkow v. United States*, 109 Fed. Cl. 637, 646 (2013) (dismissing claims brought under the federal Racketeer Influence and Corrupt Organization Act for lack of jurisdiction); *see also Campbell v. United States*, 229 Ct. Cl. 706 (1981) (per curiam) (dismissing claims of treason and other criminal allegations for lack of jurisdiction).

This court also has no juridical power to consider Mr. Nelson's claims arising under the First, Fifth, Sixth, Ninth, and Fourteenth Amendments of the United States Constitution. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (citing 28 U.S.C. § 1491). It is axiomatic that the First, Sixth, Ninth, and Fourteenth Amendments, and most of the Fifth Amendment, by themselves, are not money-mandating. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.")

---

[4]The court holds submissions by *pro se* plaintiffs to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). While the court may tolerate vagueness and the lack of formalities in a complaint filed by a *pro se* plaintiff, "[t]his latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

(citing *Featheringill v. United States*, 217 Ct. Cl. 24, 32-33 (1978)); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (Except for one clause of the Fifth Amendment, "the Fifth and Sixth Amendments are not money mandating."), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Aldridge v. United States*, No. 05-196, 2005 WL 6115382, at *1 (Fed. Cl. June 10, 2005) ("The Ninth Amendment is not a money-mandating provision."); *Spain v. United States*, 277 Fed. Appx. 988, 989 (Fed. Cir. 2008) (Neither "the Due Process Clauses of the Fifth and Fourteenth Amendments [n]or the Equal Protection Clause of the Fourteenth Amendment are money-mandating.").[5] Therefore, the court lacks jurisdiction to adjudicate Mr. Nelson's constitutional claims.

Finally, Mr. Nelson's allegation of breach-of-contract does not provide a basis for jurisdiction in this court. To establish jurisdiction, Mr. Nelson must demonstrate that he was in privity of contract with the United States. *See Chancellor Manor v. United States*, 331 F.3d 891, 899 (Fed. Cir. 2003); *see also Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994). The only contract referenced in Mr. Nelson's complaint is the publishing agreement with RoseDog. *See* Compl. ¶¶ 5-9. Mr. Nelson does not attach a copy of the contract and fails to make any allegations that the United States is also party to that agreement. *See* Def.'s Mot. at 7. Given the lack of privity of contract, this court does not have jurisdiction over Mr. Nelson's breach-of-contract claim.[6]

In sum, Mr. Nelson has failed to present any claim that falls within the court's jurisdiction.

### B.  Failure to State a Claim

In the alternative, the government argues that Mr. Nelson's complaint should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. at 1. The complaint, even liberally construed, does not include a facially plausible claim against the United States. Based on "defendants' parallel behavior," Compl. ¶ 38, Mr. Nelson alleges that the United States conspired with RoseDog and possessed "stolen money from . . . [his] book," Compl. ¶ 55. This statement is devoid of any factual support. *See*

---

[5]This court consistently exercises juridical power over Fifth Amendment takings claims because the Takings Clause of that Amendment is money-mandating. *See* U.S. Const. amend. V (providing for compensation in the event that private property is taken for public use). Mr. Nelson has not alleged the physical or regulatory taking of a property interest by the government. *See* Compl. ¶ 77. Rather, he claims a deprivation of other rights secured by the Fifth Amendment (Grand Jury, Due Process, Double Jeopardy, Self-Incrimination), which are not a basis for jurisdiction in this court. *See Stephens v. United States*, No. 10-571C, 2011 WL 222118, at *3 (Fed. Cl. Jan. 21, 2011); *see also LaChance v. United States*, 15 Cl. Ct. 127, 130 (1988).

[6]The court also does not possess jurisdiction to grant the injunctive and equitable relief sought by Mr. Nelson. *See United States v. Tohono O'Odham Nation*, __ U.S. __, __, 131 S. Ct. 1723, 1729 (2011) ("Unlike the district courts, however, the [Court of Federal Claims] has no general power to provide equitable relief against the [g]overnment or its officers.").

Def.'s Mot. at 6 (citing *Iqbal*, 556 at 678).  Further, although a considerable portion of the complaint is devoted to allegations of breach of contract, Mr. Nelson never asserts the existence of a contract with the United States and does not put forth facts proving the elements required for contract formation.  *See Martin v. United States*, 102 Fed. Cl. 779, 785 (2012) (dismissing case for failure to state a claim upon which relief can be granted where plaintiff failed to allege the existence of a contract).  Ostensibly, Mr. Nelson's complaint is an attempt to revisit his dispute with RoseDog in the hopes of being awarded compensation by the government.  Mr. Nelson has merely offered "naked assertions" of wrongdoing by the United States, which do not form a basis for relief.

Accordingly, Mr. Nelson fails to state a claim upon which relief can be granted.

## CONCLUSION

Mr. Nelson's request to proceed *in forma pauperis* is GRANTED.[7]  For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Nelson's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and, alternatively, pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.  Mr. Nelson's motion for appointment of counsel is DENIED.[8]  The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[7] Pursuant to 28 U.S.C. § 1915(b)(2), the clerk shall assess, and Mr. Nelson shall make, "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" over $10, until the filing fee has been paid.

[8] In *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010), the court explained that its power to cause the appointment of counsel in civil cases would be exercised only in extreme circumstances.  No such circumstances are present in this case.